IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WESTERN UNION FINANCIAL
SERVICES, INC.

v. : Civil Action No. DKC 13-0470

RED PARTNERS, LLC, et al.

**MEMORANDUM OPINION**

Presently pending and ready for resolution is a motion for default judgment filed by Plaintiff Western Union Financial Services, Inc. (ECF No. 30). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motion will be granted in part and denied in part.

**I. Background**

On April 1, 2011, Defendant Red Partners, LLC, d/b/a Check Cashed, by its principal, Defendant Jason Keene, entered into an agreement with Plaintiff Western Union Financial Services, Inc., which permitted Red Partners "to sell Plaintiff's money orders and money transfers to the public." (ECF No. 1 ¶ 8; ECF No. 1-2). In exchange, Red Partners was required "to provide Plaintiff with periodic reports detailing its sales[;] . . . to place the funds received from sales of money orders, money transfers and other miscellaneous fees into a trust account[;] .

. . . and to hold that money in trust for Plaintiff." (ECF No. 1 ¶¶ 10, 11). On the same date, Defendant Keene "executed a Personal Guaranty and Indemnity Agreement . . . guaranteeing the payment of all sums that [Red Partners was] required to tender under the Trust Agreement." (*Id*. at ¶ 13; ECF No. 1-3).

At some point, Plaintiff exercised a right under the agreement to conduct an audit of Red Partners' records, which revealed that Red Partners had "failed or refused to account for at least $91,637.53 (plus accumulated interest and costs) in money order sales and other miscellaneous fees." (ECF No. 1 ¶ 15). When Red Partners was unable "to account for the unremitted funds" and Mr. Keene "failed or refused to satisfy the outstanding balance" (*id*. at ¶¶ 16, 18), Plaintiff commenced this action, alleging breach of contract, breach of guaranty, and related claims, and seeking a judgment "in the amount of $91,637.53, plus interest, costs, and attorneys' fees." (*Id*. at 4).[1]

Defendants were served on July 26, 2013. (ECF Nos. 24, 25). When they failed to respond within the requisite time period, Plaintiff moved for clerk's entry of default. (ECF No. 26). Default was entered by the clerk on November 27, 2013 (ECF

---

[1] Plaintiff also sought punitive damages in relation to claims for fraud and conversion. It does not, however, seek punitive damages in the pending motion for default judgment.

2

No. 27), and, on January 23, 2014, Plaintiff filed the pending motion for default judgment (ECF No. 30).

**II. Standard of Review**

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Where a default has been previously entered by the clerk, the court may enter a default judgment upon the plaintiff's application and notice to the defaulting party, pursuant to Fed.R.Civ.P. 55(b)(2). A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). The Fourth Circuit has a "strong policy" that "cases be decided on their merits," *Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be appropriate where a party is unresponsive, *see S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

"Upon [entry of] default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations as to damages are not." *Lawbaugh*, 359 F.Supp.2d at 422.

3

Federal Rule of Civil Procedure 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Thus, where a complaint specifies the amount of damages sought, the plaintiff is limited to entry of a default judgment in that amount. "[C]ourts have generally held that a default judgment cannot award additional damages . . . because the defendant could not reasonably have expected that his damages would exceed that amount." *In re Genesys Data Technologies, Inc*., 204 F.3d 124, 132 (4th Cir. 2000).

**III. Analysis**

Assuming the truth of the well-pleaded allegations contained in the complaint, as the court must upon the entry of default, Plaintiff has established Defendants' liability for breach of contract and breach of guaranty. With respect to damages, it seeks an award of $91,637.53 – the amount specified in the complaint – plus prejudgment interest, from August 13, 2012, "accru[ing] at $13.18 per diem." (ECF No. 30 ¶ 7).

In support of the requested damages award, Plaintiff submits the declaration of David Machuca, a Risk and Credit Manager at Western Union, who attests to the facts set forth in the complaint, attaching, *inter alia*, a "repayment schedule" demonstrating that, as of August 13, 2012, Defendants owed a

4

principal balance of $91,637.53, with interest accruing at an annual rate of 5.25%. (ECF No. 30-4). The agreement provides, in relevant part, that, in the event of a default, Plaintiff may collect "interest on the entire amount owed to [it] at the rate of two percentage points (2%) above the prime rate of interest published in the Wall Street Journal . . . in effect at that time, or the maximum interest rate allowed under applicable law." (ECF No. 30-2 ¶ 8.3). The prime interest rate was 3.25%, *see Neel v. Mid-Atlantic of Fairfield, LLC*, No. SAG-10-cv-405, 2012 WL 3264965, at *12 (D.Md. Aug. 9, 2012) ("The Court takes judicial notice of the fact that the prime interest rate was 3.25% on December 2, 2009, . . . and has not changed since that time"); thus, the 5.25% rate sought by Plaintiff is permissible under the contract. From August 13, 2012, Plaintiff is entitled to prejudgment interest in the amount of $8,092.52 or approximately $13.18 per diem for 614 days.

Plaintiff additionally seeks an award of attorneys' fees and costs, providing as support a separate affidavit of Mr. Machuca, who attests that "Plaintiff has paid $15,763.15 in legal fees" in this matter. (ECF No. 30-5 ¶ 3). The mere assertion of the amount billed by counsel is insufficient to establish the reasonableness of a fee award. On February 25, 2014, the court issued a paperless correspondence, directing "Plaintiff's Counsel [to] supplement the Request for Attorneys'

5

Fees and Costs," providing a "breakdown of hours, rates, and [showing the] reasonableness of the attorneys' fees sought, and a breakdown of costs sought, such as the filing fee and process server fee." (ECF No. 31). To date, counsel has not responded; thus, Plaintiff has not shown entitlement to an award of attorneys' fees. Moreover, Mr. Machuca's affidavit does not even identify the costs Plaintiff seeks to tax, much less provide evidentiary support for such amounts. The docket, however, establishes that Plaintiff paid the $350 filing fee, which it is entitled to recover.

## IV. Conclusion

For the above stated reasons, Plaintiff's motion for default judgment will be granted in part and denied in part. A separate order follows.

```
           _____/s/_____
           DEBORAH K. CHASANOW
           United States District Judge
```